IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MARK ELDON CREWS, ) | |
| ) | |
| Petitioner, ) | CIVIL ACTION NO.: CV514-012 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | (Case No.: CR510-27) |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Mark Crews ("Crews), who is currently incarcerated at the United States Penitentiary Lee County in Jonesville, Virginia, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Respondent filed a Response. For the reasons which follow, Crews' motion should be **DENIED**.

## STATEMENT OF THE CASE

Crews was convicted in this Court, after he pled guilty, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Crews was sentenced to 15 years' imprisonment pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Crews filed a direct appeal. The Eleventh Circuit Court of Appeals affirmed Crews' conviction and sentence. United States v. Crews, 495 F. App'x 36 (11th Cir. 2012).

In this motion, Crews contends that his prior burglary convictions under Georgia and Florida law do not qualify for predicate offenses under the ACCA. Crews also

contends that his counsel was ineffective during the appellate process because his counsel failed to raise these issues on appeal. Crews further contends that his counsel was ineffective for failing to object to the use of his Florida burglary conviction for sentencing purposes.

Respondent asserts that Crews' claims are without merit, as he was sentenced appropriately as an armed career criminal. Respondent also asserts that Crews has recharacterized the claims he raised on direct appeal by labeling his claims as ineffective assistance of counsel.

## DISCUSSION AND CITATION TO AUTHORITY

Crews asserts that his counsel was ineffective for failing to object to the use of his Florida burglary conviction during sentencing, which resulted in Crews having an ACCA sentence imposed upon him. Crews contends that reasonably competent counsel should have objected to the use of the Florida burglary conviction because the Florida statute for which he was convicted does not satisfy the definition of "generic burglary". Crews also asserts that, although counsel objected to the use of his Georgia burglary convictions during sentencing, he failed to do so on appeal.

Criminal defendants have a right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance. Id. at 685-86. The deficient performance requirement concerns "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. at 56. There is a

AO 72A
(Rev. 8/82)

strong presumption that counsel's conduct fell within the range of reasonable professional assistance. Davis v. United States, 404 F. App'x 336, 337 (11th Cir. 2010) (citing Strickland, 466 U.S. at 686). "It is petitioner's burden to 'establish that counsel preformed outside the wide range of reasonable professional assistance' by making 'errors so serious that [counsel] failed to function as the kind of counsel guaranteed by the Sixth Amendment.'" LeCroy v. United States, 739 F.3d 1297, 1312 (11th Cir. 2014) (quoting Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (alteration in original). "Showing prejudice requires petitioner to establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal citation omitted). "The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." Id. at 1312–13.

"A defendant can establish ineffective assistance of appellate counsel by showing: (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal." Shere v. Sec'y, Fla. Dep't of Corr., 537 F.3d 1304, 1310 (11th Cir. 2008) (citing Smith v. Robbins, 528 U.S. 259, 285–86 (2000)). Appellate counsel is not ineffective for failing to raise a meritless claim on appeal. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001).

Even assuming, *arguendo*, that Crews' counsel during sentencing and on appeal rendered deficient performance, Crews cannot meet the prejudice prong of the Strickland test. Crews was convicted of being a felon in possession of a firearm pursuant to 28 U.S.C. § 922(g)(1). Crews received a sentence of 15 years'

3

imprisonment pursuant to the ACCA based on his two (2) prior convictions for burglary under Georgia law and a prior conviction for burglary under Florida law.[1]

The ACCA provides, in relevant part:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

As used in this subsection—

the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--

>    (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>    (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. §§ 924(e)(1) & (2)(B).

Under the ACCA, a person convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years' imprisonment if he has three prior convictions for a violent felony or serious drug offense, committed on different occasions. 18 U.S.C. § 924(e)(1). Regarding burglary, "[a]s the [ACCA] has been interpreted, a conviction for 'generic burglary' counts as a violent felony, while a conviction for 'non-generic burglary' does not." United States v. Rainer, 616 F.3d 1212,

---

[1] It appears that Crews faced a term of imprisonment of not more than ten (10) years but for his ACCA enhancement. 18 U.S.C. § 924(a)(2)

AO 72A
(Rev. 8/82)

1213 (11th Cir. 2010), *abrogated on other grounds by* United States v. Howard, 742 F.3d 1334 (11th Cir. 2014). A "generic" burglary is "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990). A "non-generic" burglary is one that "do[es] not include all of the elements essential to generic burglaries," including burglaries of boats, automobiles, and other non-buildings. Rainer, 616 F.3d at 1214.

"To determine whether a past conviction is for one of those crimes, courts use what has become known as the 'categorical approach': They compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime— i.e., the offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." Descamps, __ U.S. __, 133 S. Ct. 2276, 2281 (June 20, 2013). In those instances "when a prior conviction is for violating a so-called 'divisible statute[,]'" courts can use the "'modified categorical approach[.]'" Id. A divisible statute is a statute which "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." Id. "The court can then do what the categorical approach demands:

compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." Id.

Crews was convicted of burglary for events which took place in Georgia in 2002 and 2005. The Georgia burglary statute provided: "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof." O.C.G.A. § 16-7-1(a) (West 2002 & 2005 versions).

The Georgia burglary statute is a divisible statute because it contains as elements of the crime entry into a building, which matches an element in the generic offense, and entry into a vehicle and other non-buildings, which matches elements of the non-generic offense. Thus, this Court must adopt the modified categorical approach to determine whether Crews' convictions for burglary under Georgia law qualify as violent felonies for ACCA purposes. A review of the documents the Government submitted reveal that Crews was convicted in each instance of burglary by entering a building—whether it was a "merchant store", (doc. no. 5-3), or a business, (doc. no. 5-5)— without authority and "with the intent to commit a theft therein". (Doc. Nos. 5-3, 5-5). Thus, Crews' convictions for burglary under Georgia law are generic burglaries and are qualifying "violent felonies" under the ACCA.

Crews was also convicted of a burglary offense committed in 2005 in the State of Florida. The relevant Florida statute provided:

> Burglary is a felony of the third degree, . . . if, in the course of committing the offense, the offender does not make an assault or battery and is not

AO 72A
(Rev. 8/82)

and does not become armed with a dangerous weapon or explosive, and the offender enters or remains in a: (a) Structure, and there is not another person in the structure at the time the offender enters or remains; or (b) Conveyance, and there is not another person in the conveyance at the time the offender enters or remains.

FLA. STAT. § 810.02(4) (West 2005). "'Conveyance' means any motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car[.]" FLA. STAT. § 810.011(3). Because the Florida statute at issue is divisible, the Court must determine, under the modified categorical approach whether Crews was convicted of a generic or non-generic felony for purposes of the ACCA. The documents submitted regarding Crews' Florida burglary conviction reveal that he was convicted of "unlawfully enter[ing] or remain[ing] in . . . a building, the property of Napa Auto Parts, with the intent to commit an offense therein, contrary to the provision of Section 810.02(4), Florida statutes." (Doc. No. 5-6 & at p. 7). Like his conviction under Georgia law, Crews' conviction for burglary under Florida law is a generic and violent felony under the ACCA.

Because Crews' burglary conviction under Florida law is a violent felony within the meaning of the ACCA, Crews' counsel was not ineffective for failing to raise an issue associated with that conviction during sentencing. Crews was not prejudiced by counsel's failure, as such a challenge would have been unsuccessful. In addition, Crews' appellate counsel was not ineffective for failing to raise on appeal any challenge to the use of Crews' Georgia burglary convictions for ACCA purposes. Such a

7

challenge would not have been successful, and Crews cannot show he suffered prejudice as a result of counsel's failure to raise this issue on appeal.[2]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Crews' motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 15th day of April, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] As of the date of Crews' appeal, his convictions for burglary under Georgia and Florida law were "violent felonies" within the meaning of the ACCA. United States v. Fountain, 462 F. App'x 889 (11th Cir. 2012); United States v. Bargeron, 435 F. App'x 892 (11th Cir. 2011).