# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| MARK ELDON CREWS, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 5:15-cv-60 |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | (Case No.: 5:10-cr-27) |
| | * | |
| Respondent. | * | |

## ORDER

Presently before the Court are the Magistrate Judge's April 12, 2016, Report and Recommendation, dkt. no. 5, and Movant Mark Crews' ("Crews") Objections thereto, dkt. no. 6. After an independent and *de novo* review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation. Accordingly, the Court **OVERRULES** Crews' Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court. The Court also **DISMISSES** Crews' 28 U.S.C. § 2255 motion without prejudice, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Crews leave to proceed *in forma pauperis* and a certificate of appealability.

## BACKGROUND

Crews was convicted in this Court, after he pled guilty, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Crews was sentenced to 15 years' imprisonment pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Crews filed a direct appeal. The Eleventh Circuit Court of Appeals affirmed Crews' conviction and sentence. United States v. Crews, 495 F. App'x 36 (11th Cir. 2012).

Crews filed a Section 2255 motion in this Court in 2014. In his motion, Crews contended that his prior burglary convictions under Georgia and Florida law do not qualify for predicate offenses under the ACCA. Crews also contended that his counsel was ineffective during the appellate process because his counsel failed to raise these issues on appeal. Crews asserted his counsel was ineffective for failing to object to the use of his Florida burglary conviction for sentencing purposes. Mot., Crews v. United States of America, 5:14-cv-12 (S.D. Ga. Jan. 30, 2014), ECF No. 1. The Magistrate Judge recommended that Crews' motion be denied on the merits. R. & R., Crews v. United States of America, 5:14-cv-12 (S.D. Ga. Apr. 15, 2014), ECF No. 6. The Court adopted this recommendation as the opinion of the Court over Crews' objections. Order, Crews v. United States of America, 5:14-cv-12 (S.D. Ga. Mar. 2, 2015),

ECF No. 26. Crews filed an appeal, and the Eleventh Circuit dismissed Crews' appeal as untimely filed. Mandate, <u>Crews v. United States of America</u>, 5:14-cv-12 (S.D. Ga. July 14, 2015), ECF No. 37.

Not long after the dismissal of his appeal, Crews filed a Section 2255 motion in this case. He once again asserts that his sentence was enhanced improperly due to his previous convictions, in light of the United States Supreme Court's decision in <u>Johnson v. United States</u>, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). Dkt. No. 1. The Government responded that Crews' motion is an unauthorized second or successive Section 2255 motion and moved to dismiss on that basis. Dkt. No. 3. On October 1, 2015, the Magistrate Judge advised Crews that the Government had filed a Motion to Dismiss his Section 2255 Motion and directed Crews to file an opposition to the Government's Motion within twenty-one days of his Order. Dkt. No. 4. Crews filed nothing in response to the Government's Motion or the Court's directive. Thus, on April 12, 2016, the Magistrate Judge entered his Report recommending the dismissal of Crews' Motion without prejudice due to Crews' failure to follow a Court Order and failure to prosecute. Dkt. No. 5. Crews has now objected to the Magistrate Judge's Report and Recommendation. Dkt. No. 6.

## DISCUSSION

In his Objections, Crews asserts he has not received copies of any of the pleadings filed in this case after filing his Motion in August 2015. Dkt. No. 6, p. 1. In support of this assertion, Crews submitted a copy of the United States Department of Justice's Memorandum for the Inmate Population concerning incoming mail delays for the inmate population at the Federal Correctional Complex in Yazoo City, Mississippi, where Crews is housed. Dkt. No. 6-1, p. 2.

If Crews had presented evidence that he did not receive any of the filed pleadings in this cause of action, the Court would likely sustain Crews' Objections. However, the record before the Court belies any such contention. First, the Clerk of Court mailed copies of the pleadings to Plaintiff at the Federal Correctional Complex in Yazoo City, Mississippi, as Crews identified this as his place of incarceration and as his current mailing address. See Staff Notes after Docket Entries Numbered 1, 2, 3, 4, and 5. There is nothing upon the record and docket of this case indicating that any of the Court's mailings have been returned to it. Secondly, the Memorandum Crews included with his Objections, which is undated, states that changes the United States Postal Service was forced to make "have resulted in local mail delivery delays, in some instances, several days."

Dkt. No. 6-1, p. 2. Even if this Court's mailings were delayed in reaching Crews, there is nothing of record indicating these delays were of a six-month duration, i.e., the amount of time between the Magistrate Judge's Order directing Plaintiff to respond to the Government's Motion to Dismiss and the Magistrate Judge's Report recommending the dismissal of Crews' Motion. Further, Crews entitled his Objections as his "Notice and Written Objections to the Magistrate Judges (sic) Report and Recommendation", dkt. no. 6, indicating that Crews at least received the Magistrate Judge's Report and Recommendation, in contradiction of Crews' claim that he has received no filings in this case.

Moreover, Crews still has offered no opposition to the Government's Motion to Dismiss. Even if the Court were to accept Crews' assertion that he has not received any filings in this case, Crews' Section 2255 Motion is due to be dismissed for the reasons set forth in the Government's Motion. As noted above, Crews has filed a previous Section 2255 motion, making his instant Section 2255 Motion a second or successive 28 U.S.C. § 2255 motion. As the Government stated, there is nothing before the Court revealing that Crews has received authorization from the Eleventh Circuit to proceed in this Court with his current Section 2255 motion. 28 U.S.C. § 2244(b)(3)(A) ("Before

a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

**CONCLUSION**

Based on the foregoing, the Court **OVERRULES** Crews' Objections. Dkt. No. 6. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court. The Court also **DISMISSES** Crews' 28 U.S.C. § 2255 motion without prejudice, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of

dismissal, and **DENIES** Crews leave to proceed *in forma pauperis* and a certificate of appealability.

**SO ORDERED**, this 17 day of May, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA